1  NEEMA SAHNI (SBN 274240)
   nsahni@cov.com
2  COVINGTON & BURLING LLP
3  1999 Avenue of the Stars
   Los Angeles, CA 90067-4643
4  Tel: (424) 332-4800

5  KATHRYN E. CAHOY (SBN 298777)
   kcahoy@cov.com
6  COVINGTON & BURLING LLP
7  3000 El Camino Real, 10th Floor
   5 Palo Alto Square
8  Palo Alto, CA 94306
   Tel: (650) 632-4700
9  Fax: (650) 632-4800

10 *Counsel for Defendant Amazon.com Services LLC*

11
12
13                    **IN THE UNITED STATES DISTRICT COURT**
14                    **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

15 | BRIAN YOUNGBLOOD, on behalf of himself and all others similarly situated, | Civil Case No.: 2:22-cv-09220 |
|---|---|
| Plaintiff, | **DEFENDANT AMAZON.COM SERVICES LLC'S NOTICE OF REMOVAL** |
| v. | (Los Angeles County Superior Court Case No. 22STCV20876) |
| AMAZON.COM SERVICES LLC, | Action Filed: June 27, 2022 |
| Defendant. | First Amended Complaint Filed: December 14, 2022 |
| | Trial Date: None Set |

Pursuant to 28 U.S.C. §§ 1332, 1367, 1441, 1446, and 1453, Defendant Amazon.com Services LLC ("Amazon") has removed the above-captioned action from Los Angeles County Superior Court to the United States District Court for the Central District of California. As grounds for removal, Amazon states:

**I.     Nature of Removed Action.**

1. On June 27, 2022, Brian Youngblood ("Plaintiff") filed this class action in Los Angeles County Superior Court. The court designated the case 22STCV20876. The Complaint is attached as **Exhibit A**.

2. Plaintiff asserted one cause of action for violation of the Magnuson Moss Warranty Act ("the Act"). Complaint ¶¶ 55-62. Specifically, Plaintiff contends that Amazon "does not provide consumers with access to written warranties, prior to sale, in a manner that complies with the Pre-Sale Availability Rule" of the Act. *Id. ¶* 5. Plaintiff alleges that he purchased a Vizio television. *Id. ¶* 8. Plaintiff contends that the "Warranty & Support" section of the page displaying a Vizio television has a link to click for warranty information and that the link displays a message instructing to "contact the manufacture directly or visit their website for more information" about the product's warranty. *Id*. *¶¶* 29-30. Plaintiff argues that this does not comply with the Act. *Id. ¶* 31.

3. On December 14, 2022, Plaintiff filed the First Amended Complaint ("FAC"), which is attached as **Exhibit B**.

4. The First Amended Complaint asserts a second cause of action against Amazon for violation of the unlawful prong of the Unfair Competition Law ("UCL"). FAC ¶¶ 57-62. According to Plaintiff, Amazon's "violations of MMWA constitute predicate acts which violate the UCL's 'unlawful' prong." *Id*. ¶ 60.

5. Plaintiff seeks to bring the claims on behalf of a class of "[a]ll citizens of California [who] purchased one or more products from Defendant that cost more than $15 and that were subject to a written warranty." *Id. ¶* 38.

6. The FAC seeks restitution, "injunctive, declaratory, and other equitable relief" and "experts' fees, attorneys' fees, and the cost of prosecuting this action." *Id.* Prayer for Relief.

**II.     This Notice of Removal Is Timely.**

7.      Plaintiff served Amazon with the First Amended Complaint on December 14, 2022.  This Notice of Removal is therefore timely under 28 U.S.C. § 1446(b)(3).

**III.    This Case Is Removable Under the Class Action Fairness Act.**

8.      The Class Action Fairness Act ("CAFA") extends federal diversity jurisdiction to class actions if the aggregate amount in controversy exceeds $5,000,000, there are at least 100 members of the proposed plaintiff class, and any member of the class of plaintiffs is a citizen of a state different from any defendant.  *See* 28 U.S.C. §§ 1332(d)(1)(B), (d)(2), (d)(5)(B), (d)(6).  Each of these requirements is met here.

      **A.     This Case Is a Class Action.**

9.      CAFA defines a "class action" as "any civil action filed under Rule 23 of the Federal Rule of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action."  28 U.S.C. § 1332(d)(1)(B).

10.     Plaintiff seeks to bring this case as a class action under Section 382 of the California Code of Civil Procedure—the California analog to Federal Rule of Civil Procedure 23—which authorizes a representative party to bring suit on behalf of a class.  *See* FAC ¶ 37.  Accordingly, this case qualifies as a class action under CAFA.

      **B.     The Aggregate Amount in Controversy Exceeds $5,000,000.**

11.     Although Plaintiff does not allege a specific amount in controversy, Plaintiff seeks restitution, declaratory, and injunctive relief on a class-wide basis, as well as "experts' fees, attorneys' fees, and the costs of prosecuting this action."  FAC, Prayer for Relief .c-.e.

12.     For a case to be removable under CAFA, the amount in controversy must exceed $5,000,000, exclusive of interest and costs.  28 U.S.C. § 1332(d)(2), (d)(6).  The amount in controversy is calculated by aggregating the claims of the individual class members, including the value of any declaratory or injunctive relief sought.  28 U.S.C. § 1332(d)(6).  In determining the amount in controversy

under CAFA, the value of requested injunctive relief may be considered.[1]  Statutory attorneys' fees sought are also properly included in determining the jurisdictional amount.  *See Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648–49 (9th Cir. 2016).

13.  In this case, the proposed class includes "[a]ll citizens of California [who] purchased one or more products from Defendant that cost over $15 and that were subject to a written warranty."  FAC ¶ 38.  Amazon estimates that the cost of compliance for Plaintiff's requested injunctive relief to be well in excess of $5 million.  This includes, but is not limited to, the following estimated costs: costs to review and assess whether revisions are needed to particular product pages to comply with the requested injunctive relief, costs to revise any such product websites and links, costs to collect and maintain associated warranties for products over $15 that are subject to a written warranty, and costs to hire and train employees to respond to customer requests for warranties.[2]

14.  Plaintiff also seeks attorneys' fees.  The request for fees adds at least $1,000,000 to the amount in controversy.  The median billable rate for attorneys in California in the class action context is approximately $450 to $1,060 per hour.  *See Marshall v. Northrop Grumman Corp.*, 2020 WL 5668935, at *7 (C.D. Cal. Sept. 18, 2020), *appeal dismissed*, 2021 WL 1546069 (9th Cir. Feb. 16, 2021) (accepting hourly counsel rates between $490 to $1,060 depending on years of experience); *Alvarez v. Sirius XM*

---

[1] CAFA allows a defendant's cost of compliance with an injunction or declaratory relief to be considered for purposes of the amount-in-controversy analysis.  *Toller v. Sagamore Ins. Co.*, 558 F. Supp. 2d 924, 930 (E.D. Ark. 2008); *see also Guerard v. CNA Fin. Corp.*, 2009 WL 10710608, at *3 (N.D. Cal. July 31, 2009) ("It is proper under CAFA to consider the defendant's cost of compliance with an injunction just as it is proper to consider the plaintiff's benefit from the injunction."); *Keeling v. Esurance Ins. Co.*, 660 F.3d 273, 274 (7th Cir. 2011) (defendant's cost of compliance considered for CAFA removal); *Pagel v. Dairy Farmers of Am., Inc.*, 986 F. Supp. 2d 1151, 1159–60 (C.D. Cal. 2013) (recognizing that under CAFA "the [either-party-viewpoint] rule should continue to be used to measure '[t]he value of the thing sought to be accomplished by the action'"); *McKinnon v. Restoration Hardware, Inc.*, 2022 WL 970882, at *4 (E.D. Mo. Mar. 31, 2022) (collecting cases); *Bernstein v. JP Morgan Chase & Co.*, 2009 WL 10699864, at *4 (S.D. Fla. Aug. 4, 2009) ("Under CAFA, courts are also able to determine the amount in controversy by looking at defendant's potential losses . . . .").

[2] The dollar estimates provided in this Notice merely reflect Amazon's understanding of the amounts *in dispute* in this case based on the FAC and should not be construed as representing an admission that Plaintiff is entitled to any particular relief (or any relief at all) or that Amazon may properly be required to incur any of the identified costs.  *See Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010).

*Radio Inc.*, 2021 WL 1234878, at *11 (C.D. Cal. Feb. 8, 2021) (finding hourly rates of $450 for an associate to $950 for a partner reasonable). District courts generally find that consumer class actions require a significant amount of attorney hours to litigate, even when a case terminates before judgment. *See Fleisher v. Fiber Composites, LLC*, 2014 WL 866441, at *14 (E.D. Pa. Mar. 5, 2014) (1,149.5 hours reasonable where case settled after pleading stage after some discovery was exchanged); *Rossi v. The Proctor & Gamble Co.*, 2013 WL 5523098, at *10 (D.N.J. Oct. 3, 2013) (952 hours reasonable where case settled after pleading stage during the early stages of discovery). Cases proceeding to later stages require even more time. *See In re Shop-Vac Mktg. & Sales Pracs. Litig.*, 2016 WL 7178421, at **9, 13, 16–17 (M.D. Pa. Dec. 9, 2016) (7,517.43 hours reasonable where case settled after discovery in multidistrict consumer class action case); *Hegab v. Fam. Dollar Stores, Inc.*, 2015 WL 1021130, at *13 (D.N.J. Mar. 9, 2015) (finding over 1,000 hours of work reasonable where class action case settled only after extensive discovery). At an average rate of $755, claimed fees would be expected to exceed $1,000,000 even on the conservative assumption that Plaintiff's counsel would expend only approximately 1,325 hours litigating this case through judgment.

15. The estimated costs for compliance with the requested injunctive and declaratory relief combined with the amount in attorneys' fees Plaintiff may seek if he litigates this case through trial show that the amount in controversy easily exceeds $5,000,000.

**C.    There Are at Least 100 Members of the Proposed Class.**

16. CAFA confers jurisdiction over class actions with at least 100 proposed class members. 28 U.S.C. § 1332(d)(5)(B).

17. Plaintiff asserts that she intends to bring a class action on behalf of a purported class of "[a]ll citizens of California [who] purchased one or more products from Defendant that cost over $15 and that were subject to a written warranty." FAC ¶ 38. Amazon has sold and shipped products that cost over $15 that are or were subject to a written warranty to more than 100 people in California.

**D.    The Required Diversity Exists Between the Parties.**

18. A case satisfies CAFA's diversity requirement as long as one plaintiff's or class member's citizenship differs from that of the defendant. *See* 28 U.S.C. § 1332(d)(2)(A).

19. Here, all members of the proposed class are citizens of California. FAC ¶ 38.

20. Amazon is not a citizen of California. Amazon, at the time the Action was filed and at the time of filing for this notice of removal, was and is a Delaware company having its principal place of business in Washington. *See* California Secretary of State Website Entry for Amazon.com Services LLC, attached as **Exhibit C**; *see also* FAC ¶ 9.

**IV. Removal Is Also Proper Under 28 U.S.C. § 1332(a).**

21. This Court also has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because (1) there is complete diversity of citizenship between Plaintiff and Amazon, and (2) the amount in controversy exceeds $75,000, exclusive of interest and costs.

**A. Complete Diversity of Citizenship Exists.**

22. The FAC alleges that Plaintiff resides in Los Angeles County, California, and is an adequate and typical representative of a class consisting solely of citizens of California. FAC ¶¶ 8, 43–44. The FAC by implication therefore identifies Plaintiff as a citizen of California.

23. For the reasons discussed above, *supra* ¶ 21, Amazon is a citizen of the state of Washington or Delaware for purposes of analyzing diversity jurisdiction.

24. Because Plaintiff and Amazon are citizens of different states, complete diversity of citizenship exists for jurisdictional purposes.

**B. The Amount in Controversy Requirement Is Satisfied.**

25. The amount-in-controversy requirement for diversity jurisdiction is satisfied in this case because the "matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a).

26. As discussed above, the value of the injunctive and declaratory relief Plaintiff seeks here is alone well in excess of $75,000.

27. Statutory attorney fees are considered when determining whether the amount in controversy is satisfied under 28 U.S.C. § 1332(a). *See Gonzales*, 840 F.3d at 648–49. Here, the average rate for attorneys' fees in the area is roughly $450 to $1060 per hour. *Supra* ¶ 15. At that rate, the $75,000 threshold is met if Plaintiff's counsel spends just 71 to 167 hours on this case. Counsel may already have

spent nearly that much time on preliminary investigation, preparation, and filing of the Complaint and will inevitably expend more than that amount litigating Plaintiff's claim through trial, even if only on an individual basis. Thus, the request for fees alone is sufficient to satisfy the $75,000 amount-in-controversy requirement.

**V.    The Court Also Has Supplemental Jurisdiction Over Plaintiff's MMWA Claim.**

28.    As this Court has original jurisdiction over Plaintiff's UCL claim, it also has supplemental jurisdiction over Plaintiff's MMWA claim, which is so related to Plaintiff's UCL claim that they "form part of the same case or controversy." 28 U.S.C. § 1367(a); *see also* FAC ¶¶ 57-60 (incorporating the same underlying factual allegations from Plaintiff's MMWA claim into Plaintiff's UCL claim and alleging that Amazon's "violations of MMWA constitute predicate acts which violate the UCL's 'unlawful' prong").

**IV.    All Procedural Requirements Are Satisfied.**

29.    Amazon files this Notice of Removal under 28 U.S.C. §§ 1441(a) and 1453 in the United States District Court for the Central District of California. Venue is proper because the Los Angeles County Superior Court, California, is within this district.

30.    Amazon was served with the FAC on December 14, 2022. In accordance with 28 U.S.C. § 1446(b)(3), this Notice of Removal is timely filed within 30 days of service of the FAC as calculated under the Federal Rules of Civil Procedure.

31.    In accordance with 28 U.S.C. § 1446(a), a copy of the state court docket sheet and copies of all process, pleadings, and orders served on Amazon in the state court action are attached as **Exhibit D** and **Exhibit E**, respectively.

32.    By filing this Notice of Removal, Amazon does not waive any defense that may be available to it, and Amazon expressly reserves all such defenses, including those related to personal jurisdiction and service of process.

33.    If any question arises as to propriety of removal to this Court, Amazon requests the opportunity to present a brief and oral argument in support of its position that this case has been properly removed.

34. Pursuant to 28 U.S.C. § 1446(d), Amazon will promptly file a copy of this Notice of Removal with the clerk of the state court where the lawsuit has been pending and serve notice of the filing of this Notice of Removal on Plaintiff.

35. Amazon reserves the right to amend or further supplement this Notice.

36. WHEREFORE, Amazon removes this action from Los Angeles County Superior Court to this Court.

Dated: December 20, 2022

By: /s/ *Kathryn E. Cahoy*
Kathryn E. Cahoy (SBN 298777)
kcahoy@cov.com
COVINGTON & BURLING LLP
3000 El Camino Real, 10th Floor
5 Palo Alto Square
Palo Alto, CA 94306
Tel: (650) 632-4700
Fax: (650) 632-4800

Neema Sahni (SBN 274240)
nsahni@cov.com
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Los Angeles, CA 90067-4643
Tel: (424) 332-4800

*Counsel for Defendant Amazon.com Services LLC*